IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PEACE ELLUVASUN ALLAH CUSH-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14CV756 |
| ) | |
| JUDGE MARY COVINGTON, et al., ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Peace Elluvasun Allah Cush-El, a pretrial detainee in Davidson County, North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names Davidson County District Court Judge Mary Covington, North Carolina Governor Pat McCrory, North Carolina Attorney General Roy Cooper, and District of Columbia Attorney General Irwin Nathan as defendants in the case. It appears that Defendant Covington presided over state court criminal proceedings involving Plaintiff, but the involvement or actions of the other Defendants are less clear. Plaintiff seeks the dismissal of the state criminal charges against him, the return of property, and possibly damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

Initially, the Court notes that Plaintiff seeks the dismissal of state court criminal charges. This is not appropriate relief in an action under § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004). Plaintiff would have to pursue such relief, if at all, in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Moreover, this Court can intervene in pending state court criminal matters only in extraordinary circumstances not alleged by Plaintiff.

Next, it appears that, despite submitting 90 pages of writings and exhibits, Plaintiff makes no actual allegations as to Defendants McCrory, Cooper, and Nathan. In order to state

a claim under § 1983, Plaintiff must allege that said Defendants actually violated his rights in some manner. Any claims against said Defendants thus fail as a matter of law. Plaintiff does allege some involvement in his state criminal case by Defendant Covington, but judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's complaint against Covington should therefore be dismissed to the extent that he seeks damages from her.

Finally, the real problem with Plaintiff's claims is that they consist of page after page of rambling legal and diplomatic jargon based largely on commercial and international law. Plaintiff claims, among other things, to be a member and "Ambassador Minister" of the "Aboriginal Republic of North America," the "International Society of Indigenous Sovereigns," and an "Aboriginal-American of Moorish Descent." Most of his submission is aimed at establishing that he was subject to "genocide," "denationalization," kidnaping," and "torture," which appear to actually consist of nothing more than being charged and held in Davidson County, North Carolina, on state court criminal charges. Plaintiff's membership in certain organizations, governments, or ethnic groups does not turn a state criminal case into a violation of the federal Constitution or laws. It appears that Plaintiff may be delusional, but in any event his claims and arguments along the lines just described are clearly frivolous and fail to state any claim for relief. As stated in a Recommendation entered in a prior case raising similar accusations, Plaintiff's "nonsensical ramblings [ ] improperly seek to interfere with state court criminal proceedings based on preposterous theories." Cush-El v. Michael, No. 1:14CV219 (M.D.N.C., Mar. 20, 2014) (unpublished text

recommendation). The present submission is more of the same and should also be dismissed.[2] A person's alleged nationality or ethnicity does not somehow absolve that person of criminal responsibility. See Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008); Albert Fitzgerald Brockman-El v. N.C. Dep't. of Corr., No. 1:09CV633, Docket Nos. 2, 6, 7 (M.D.N.C. 2009), appeal dismissed, 373 F. App'x. 332 (4th Cir. 2010).

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. Unfortunately, Plaintiff failed to properly complete his *in forma pauperis* application to allow the Court to calculate such payment. Therefore, the Court will not order an initial payment, but will instead order that the filing fee be deducted from Plaintiff's prisoner trust account as funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October,

---

[2] The Court does note that Plaintiff makes certain allegations regarding his prison conditions or incidents that occurred during his pretrial detention. However, he does not provide sufficient supporting facts to state any claim for relief and utterly fails to tie any of these events to Defendants.

2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 9th day of September, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**